IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

CAROLYN MILFORD,                )
                                )
            Plaintiff,           )
                                )
      v.                         )      1:09CV941
                                )
KATHLEEN SEBELIUS, SECRETARY,   )
DEPARTMENT OF HEALTH AND HUMAN  )
SERVICES,                       )
                                )
            Defendant.           )

**MEMORANDUM OPINION AND ORDER**

The instant case comes before the undersigned United States Magistrate Judge for a ruling on Defendant's Motion to Dismiss or in the Alternative for Summary Judgment (Docket Entry 4) and Plaintiff's Request for Extension of Time (Docket Entry 12). (See Docket Entries dated Apr. 8, 2010, and Feb. 29, 2012.)[1] For the reasons that follow, the Court will grant Defendant's Motion and deny Plaintiff's Request as moot.[2]

**Procedural Background**

Plaintiff brought this action "to restrain Defendant from discriminating against Plaintiff because of Plaintiff's disability, age and sex with respect to hire [sic], terms, conditions, and privileges of employment opportunities, the right to contract and

---

[1] The Parties have consented to disposition of this case by a United States Magistrate Judge. (Docket Entry 11.)

[2] Because the Court looks to evidence outside the pleadings, it will treat Defendant's Motion as one for summary judgment. See Fed. R. Civ. P. 12(d).

otherwise adversely affect Plaintiff's status as a citizen and employee." (Docket Entry 1, ¶ 1.) The Complaint identifies Plaintiff as "a former Administrative Technician, GS-6, for the National Institute for Environmental Health Services (NIEHS), Division of Intramural Research, Laboratory of Molecular Genetics (LMG), in Durham, North Carolina." (Id. ¶ 6.) The Complaint identifies Defendant as "Secretary of the Department of Health and Human Services." (Id. ¶ 5.) The Complaint alleges that Plaintiff, a Black 59-year-old female with a physical disability, "was subject to harassment and discrimination based upon her race [], age [], sex [], disability and reprisal . . . ." (Id. ¶ 7.)

According to Defendant, "[o]n or about August 8, 2008, Plaintiff contacted the Equal Employment Opportunity ('EEO') office [of the Department of Health and Human Services ('HHS')], claiming she had been discriminated against based on race, sex, color, age, disability, and retaliation." (Docket Entry 5 at 2.) Plaintiff does not dispute this allegation for the purpose of this Motion. (Docket Entry 8 at 2.) In October of 2008, the EEO office notified Plaintiff (through her attorney) that her "[EEO] discrimination precomplaint has not been resolved [and she is therefore] entitled to file a formal complaint of discrimination as stated in 29 C.F.R. 1614.105(d)." (Docket Entry 5-3 at 2.) The letter further indicated that, because Plaintiff raised "a mixed case matter," Plaintiff could file her formal complaint with the National

Institutes of Health Office of Equal Opportunity and Diversity Management ("OEODM") or with the Merit Systems Protection Board ("MSPB"), but not both. (Id.) Plaintiff thereafter filed an Individual Formal Complaint of Employment Discrimination with the OEODM. (See Docket Entry 5-5 at 2-9.) Approximately one year later, Plaintiff received a final decision from the OEODM informing her of "the decision of [HHS] that the Complainant was not discriminated against, as claimed." (Docket Entry 5-8 at 2.)

Plaintiff thereafter initiated the instant action (Docket Entry 1) and Defendant filed the instant Motion (Docket Entry 4), asserting a time-bar (Docket Entry 5 at 4). Plaintiff responded (Docket Entry 8) and Defendant replied (Docket Entry 9). Plaintiff later filed the instant Request (Docket Entry 12), to which Defendant did not respond (see Docket Entries dated Feb. 27, 2012, to present).

## Discussion

Defendant argues that Plaintiff filed her Complaint more than 30 days after receiving a Final Agency Decision regarding her formal complaint to HHS and, therefore, that her Complaint is untimely. (Docket Entry 5 at 4.) The Code of Federal Regulations provides that "[i]t is the policy of the Government of the United States to provide equal opportunity in employment for all persons [and to] prohibit discrimination in employment because of race, color, religion, sex, national origin, age, disability, or genetic

-3-

information . . . ." 29 C.F.R. § 1614.101(a). The Code defines a "mixed case complaint" as "a complaint of employment discrimination filed with a federal agency based on race, color, religion, sex, national origin, age, disability, or genetic information related to or stemming from an action that can be appealed to the [MSPB]." 29 C.F.R. § 1614.302(a)(1). "An aggrieved person may initially file a mixed case complaint with an agency pursuant to [29 C.F.R. § 1614] or an appeal on the same matter with the MSPB pursuant to 5 C.F.R. [§] 1201.151, but not both." 29 C.F.R. § 1614.302(b). "An individual who has a complaint processed pursuant to . . . [29 C.F.R. § 1614] is authorized by 5 U.S.C. [§] 7702 to file a civil action in an appropriate United States District Court . . . [w]ithin 30 days of receipt of a final decision issued by an agency on a complaint unless an appeal is filed with the MSPB . . . ." 29 C.F.R. § 1614.310(a).

Plaintiff does not dispute that she filed her Complaint in the instant matter more than 30 days after receiving the final decision from the OEODM. (See Docket Entry 8 at 3.) However, she claims entitlement to equitable tolling as to the period of delay because the final decision was confusing with respect to when she had to file her action in federal court. (Id. at 4-5.) The final decision notice reads, in pertinent part:

> If you are dissatisfied with this Final Agency Decision (F.A.D.), within thirty (30) calendar days of receipt of this correspondence, you have the right to appeal to [the MSPB Regional Office].

-4-

> . . .
>
> You also have the right to file a civil action in an appropriate United States district court. If you choose to file a civil action, you may do so:
>
> - Within thirty (30) calendar days of receipt of this F.A.D. if no appeal has been filed with the MSPB;
>
> . . .
>
> If the Complainant decides to file a civil action and does not have or cannot afford the services of an attorney, she may request that the Court appoint an attorney to represent her, and that the Court permit her to file the action without payment of fees, costs, or other security.
>
> *The granting or denial of the request is within the sole discretion of the Court.* Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within ninety (90) calendar days of the date you received the F.A.D. from the Agency, or the appellate decision from the EEOC.

(Docket Entry 5-8 at 18-19 (emphasis in original).)

After receipt of the decision, Plaintiff's attorney wrote to the OEODM to ask for clarification as to the time for appeal. (See Docket Entry 8-2 at 1.) He pointed out the language indicating the 30-day window in which to appeal after the final decision, as well as the language referencing a 90-day window. (See id.) Plaintiff alleges that her attorney received no response. (See Docket Entry 8 at 3.) According to Plaintiff, "the confusion in stating the option led to confusion and such conduct on the part of the agency should not be rewarded." (Id. at 5.)

-5-

In Irwin v. Department of Veterans Affairs, 498 U.S. 89 (1990), the United States Supreme Court recognized that the principle of equitable tolling applies to suits against the United States where Congress has waived sovereign immunity. Id. at 95-96. However, it also distinguished between situations "where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass" and those "where the claimant failed to exercise due diligence in preserving his legal rights," noting that "[w]e have generally been much less forgiving" of the latter. Id. at 96.

The United States Court of Appeals for the Fourth Circuit similarly has recognized the availability of equitable tolling in claims against the United States. See, e.g., Weick v. O'Keefe, 26 F.3d 467, 470 (4th Cir. 1994). In Weick, the Fourth Circuit held that equitable tolling applied where individuals the plaintiff believed had discriminated against her lied to her during the investigation she initiated regarding their reasons for choosing another candidate over the plaintiff. Id. at 468, 470-71. The court found that the individuals' "deliberate misconduct had lulled [plaintiff] into inaction, and the filing deadline for a formal administrative complaint of discrimination had passed." Id. at 470. In such cases, the Fourth Circuit "would excuse an untimely filing under equitable tolling principles." Id. at 471 (citing Irwin, 498 U.S. at 95-96).

However, the Fourth Circuit also has limited the availability of equitable tolling to "'those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'" United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003)). "[T]o be entitled to equitable tolling, an otherwise time-barred [plaintiff] must present (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Id. (internal quotation marks omitted). Alternatively, the plaintiff must show she was "prevented from asserting [her] claims by some kind of wrongful conduct on the part of the defendant." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). Furthermore, "a mistake by a party's counsel in interpreting a statute of limitations does not present the extraordinary circumstances beyond the party's control where equity should step in to give the party the benefit of his erroneous understanding." Id. at 331.

The "confusion" alleged in the instant case neither rises to the level of extraordinary circumstances beyond Plaintiff's control that prevented her from making a timely filing nor flows from wrongful conduct by Defendant sufficient to warrant equitable tolling. The decision from the OEODM clearly indicated that Plaintiff needed to file a civil action within 30 days of receipt

-7-

of the decision.  (See Docket Entry 5-8 at 18.)  The language concerning a 90-day window appeared within a discussion concerning a plaintiff's right to request court-appointed counsel, separate from the prior notice as to the 30-day limitation period. (Id. at 18-19.)  Further, the language in question did not negate the 30-day requirement - in fact, it specifically stated that a request for an attorney "does not extend your time in which to file a civil action" (id. at 19) - but merely indicated that, should a plaintiff request a court-appointed attorney, she must make both the request and the civil action within 90 days of receipt of the agency decision.  (Docket Entry 5-8 at 19.)[3]

Finally, a federal regulation clearly states that, in this context, Plaintiff had to file a civil action within 30 days of the receipt of the final agency decision. See 29 C.F.R. § 1614.310(a). Accordingly, "even if [Defendant's] denial letter[] did create some confusion, albeit unintentionally, . . . any such confusion could have been cured by the exercise of reasonable diligence on the part of Plaintiff[] and [her] counsel, such as legal research . . . ."

---

[3]  Moreover, the entire discussion of the right to request court-appointed counsel (including the related time limit) (see Docket Entry 5-8 at 18-19) did not apply to Plaintiff, because she had retained counsel throughout the OEODM review process (see Docket Entry 5-5 at 2) and the OEODM referred all correspondence to said counsel (see Docket Entry 5-3 at 2; Docket Entry 5-6 at 2; Docket Entry 5-7 at 2; Docket Entry 5-8 at 2).  That attorney also sent the letter requesting clarification to the OEODM (see Docket Entry 8-2 at 1) and filed the instant action in this Court on behalf of Plaintiff (see Docket Entry 1 at 4).

Candelaria v. United States, No. CV 04-1773-GHK(Ex), 2004 WL 5458408, at *6 (C.D. Cal. July 29, 2004) (unpublished). Plaintiff's attorney's failure to independently research the applicable statute of limitations precludes a finding of extraordinary circumstances warranting equitable tolling. See Harris, 209 F.3d at 331; see also Merritt v. Blaine, 326 F.3d 157, 169 (3d Cir. 2003) (recognizing that "attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the extraordinary circumstances required for equitable tolling" (internal quotation marks omitted)).

In sum, equitable tolling is not warranted in this case. Because the Court declines to toll the statutory period for filing, Defendant's instant Motion will be granted, given that Plaintiff concededly failed to file her claim within the prescribed 30 days.[4]

## Conclusion

Plaintiff failed to file the instant action within the applicable statute of limitations and the circumstances of this case do not warrant equitable tolling.

---

[4] Plaintiff's instant Request asks the Court to grant her time to find a new attorney to represent her in this case, given that her previous attorney passed away. (Docket Entry 12 at 1.) Plaintiff filed the instant Request long after the completion of briefing on Defendant's instant Motion. Further, additional time has passed since Plaintiff filed the instant Request. Because Plaintiff has had a reasonable amount of time to locate a new attorney, her instant Request will be denied as moot.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss or in the Alternative for Summary Judgment (Docket Entry 4) is **GRANTED** and judgment as a matter of law is entered for Defendant pursuant to a contemporaneously filed Judgment.

**IT IS FURTHER ORDERED** that Plaintiff's Request for Extension of Time (Docket Entry 12) is **DENIED AS MOOT.**

                                           /s/ L. Patrick Auld
                                              **L. Patrick Auld**
                                  **United States Magistrate Judge**

March 22, 2013